UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORAN ALLEN,

                Plaintiff,

-against-

SCOTT STRINGER, New York City Comptroller; WARDEN, AMKC C-95,

                Defendants.

20-CV-8122 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that he suffered serious injuries when he slipped and fell on the stairs at the Anna M. Kross Center (AMKC) on Rikers Island. By order dated October 2, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are from Plaintiff Doran Allen's complaint. On August 16, 2018, Plaintiff was detained at AMKC on Rikers Island. Plaintiff was carrying breakfast trays down "staircase 2 upper" and asked Officer Figuerra for help, but Figuerra told Plaintiff that was Plaintiff's job. (ECF 2 at 2). Figuerra also told Plaintiff that "he was not waiting for anyone else, so just get it done." (*Id.*)

At some point, Plaintiff slipped on a broken piece of step and tumbled to the bottom of the stairs. (*Id.*) He twisted his neck and back, which resulted in a slipped disc, and he continues to suffer from headaches. (*Id.* at 3.) Plaintiff contends that "[t]he supervisor created a policy or custom under which [Plaintiff's] constitutional rights were violated." (*Id.*) Plaintiff names New

York City Comptroller Scott Stringer and the AMKC Warden as defendants and seeks $2 million in damages.[2]

## DISCUSSION

Because Plaintiff was a pretrial detainee during the events giving rise to his claims, his claims that Defendants were deliberately indifferent to the unconstitutional conditions of his confinement arise under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state a conditions of confinement claim, Plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Id.*

The objective element requires a showing that "the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

The mental element requires a showing "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

---

[2] Plaintiff attaches to the complaint a claim he filed with the New York City Comptroller Stringer; in that claim, Plaintiff states that "the stairwell was wet so I slid down the stairs on my back." (ECF 2 at 9.)

The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Courts in this Circuit have repeatedly held that wet or cracked floors are not conditions that satisfy the objective prong of a claim for unconstitutional conditions of confinement. *See, e.g., Fredricks v. City of New York*, No. 12-CV-3734 (AT), 2014 WL 3875181, at *4 (S.D.N.Y. July 23, 2014) ("A prisoner's bare complaint about a slippery floor, without more, does not state an arguable claim of deliberate indifference.");[3] *Martin v. City of New York*, No. 11-CV-600 (PKC), 2012 WL 1392648, at *9 (S.D.N.Y. Apr. 20, 2012) ("[B]odily injuries sustained from a slip-and-fall on a wet floor simply do not rise to the level of a constitutional violation."); *Covington v. Westchester Cnty. Dep't of Corr.*, No. 06-CV-5369 (WHP), 2010 WL 572125, at *8 (S.D.N.Y. Jan. 25, 2010) (Plaintiff's "claim that a wet floor caused him to slip and fall does not rise to the level of intolerable prison conditions"); *Jennings v. Horn*, No. 05-CV-9435 (SAS), 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); *Davis v. Reilly*, 324 F. Supp. 2d 361, 368 (E.D.N.Y. 2004) (correctional facility's failure to provide shower mats on slippery floor did not rise to the level of a constitutional violation). Plaintiff's allegations that he slipped on a cracked or wet floor suggest a garden-variety claim for negligence that arises under state law – not the United States Constitution.

---

[3] In *Fredericks*, the plaintiff alleged that he fell on a slippery floor after officers confiscated his orthotic shoes and cane, despite knowing that he was mobility impaired. 2014 WL 3875181, at *4. Under these circumstances, the district court concluded that confiscation of plaintiff's assistive walking devices arguably subjected him to a serious risk of harm.

Plaintiff seeks to show that Officer Figuerra, who would not assist Plaintiff in carrying breakfast trays or allow Plaintiff to wait until someone else arrived to help him, "created a custom or policy under which [Plaintiff's] constitutional rights were violated." (ECF 2 at 3.) Plaintiff does not name Officer Figuerra as a defendant but instead names the AMKC Warden. A claim against the AMKC Warden in his official capacity is, in essence, a claim against the City of New York. *See, e.g., Nassau County Emp. "L" v. County of Nassau*, 345 F. Supp. 2d 293, 298 (E.D.N.Y. 2004) (noting that "[a] claim against a municipal employee in his or her official capacity may be treated as an action against the municipality itself") (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).[4]

To state a § 1983 claim against a municipality, such as the City of New York, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) ("[M]unicipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, 'that is, acts which the municipality has officially sanctioned or ordered.'") (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). "[M]unicipal liability may be imposed for a single decision by municipal policymakers . . . where the decisionmaker possesses final authority to establish municipal policy with respect to the action." *Pembauer*, 475 U.S. at 481; *Praprotnik*, 485 U.S. at 127 ("If the

---

[4] Plaintiff does not allege that the AMKC Warden personally did or failed to do anything that violated Plaintiff's rights, and he therefore does not appear to bring a claim against the Warden in his individual capacity; if Plaintiff did bring such a claim, it would fail because of the Warden's lack of personal involvement. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (holding that a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation). Plaintiff also does not allege that Defendant NYC Comptroller Stringer was personally involved in violating Plaintiff's rights.

5

authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.").

Here, Plaintiff's allegation that Officer Figuerra would not help him with the breakfast trays or wait for another inmate who could help does not rise to the level of a policy or custom of the City of New York. Moreover, as set forth above, Plaintiff's claim based on his slip and fall arises under state law and thus he has not pleaded facts showing that a policy or custom caused a violation of his rights under the U.S. Constitution. Because Plaintiff does not allege that Officer Figuerra or the City of New York caused a violation of his constitutional rights, Plaintiff fails to state a claim under § 1983 on which relief can be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines under 28 U.S.C. § 1367(c) to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses such claims without prejudice to Plaintiff's refiling them in an appropriate forum.

Dated:  November 2, 2020
        New York, New York

                                                    _Louis L. Stanton_
                                                    Louis L. Stanton
                                                    U.S.D.J.